ALLEN HUNTER and CYRUS REED, Appellants, *v.* WILLIAM BRYDEN, Appellee.

### APPEAL FROM PEORIA.

A party who executes a note is estopped, and cannot deny his signature, though he does not write plainly.

THIS action was commenced in the County Court of Peoria county.

The plaintiff filed a declaration in assumpsit on the following promissory note :

$694.71.                                                    *Chillicothe, Jan.* 26, 1858.

Thirty-six days after date, we or either of us, promise to pay to the order of William Bryden, six hundred and ninety-four and 71-100 dollars, value received, with half of current rates of exchange on New York.

ALLEN HUNTER.
CYRUS REED.

To this declaration the defendants pleaded the general issue.

On the trial the plaintiff offered the note in evidence.

The defendants' attorneys moved to exclude said note from the consideration of the jury, upon the ground of variance between the said note and the declaration, as the said note, as they alleged, was signed by Allen Hunte and Cyrus Reed, and the one set out in the declaration was described as being signed by Allen Hunter and Cyrus Reed.

The plaintiff then introduced one *Harding*, as a witness, to prove that said note was signed by Allen Hunter instead of Allen Hunte ; and said Harding testified that said Allen Hunter signed said note, as it was in his hand-writing. He had seen him write several times, and knew his hand-writing well ; and that he made that kind of an " r " to his name.

The defendants then moved to exclude from the consideration of the jury the evidence of said Harding, upon the ground that a variance between the note and declaration existed ; that the note should be excluded as evidence, and could not be established by proof of the hand-writing of defendant. All of which motions were overruled by the court and excepted to by defendants.

The jury rendered a verdict for the sum of seven hundred and six dollars and eighty-four cents, and the court rendered a judgment against defendants for that amount. Whereupon defendants entered a motion for a new trial, which was denied.

LINDSAY & FOWLER, for Appellants.

PURPLE & PRATT, for Appellee.

CATON, C. J.  We have rarely met with a case manifesting more effrontery than this.  Hunter was sued by his right name. He executed the note on which he was sued with his own hand, and now objects to the introduction of the note, on account of a variance, because he wrote his own name badly ;—because he did not make the final letter as distinctly as a better scrivener would have done, although a witness, who has often seen him write his name, swears that he always writes it that way.  He is es- stopped to deny, that he wrote his name properly and that he put in all the letters.  If he could not read his own name prop- erly, as he wrote it, the court and jury below, it seems had no difficulty in doing so, nor do we have any difficulty in that re- gard, although the last letter seems to have been but imperfectly made, judging from the copy sent up by the clerk.  It is suffi- cient, that he made it for an r, which affords conclusive evidence that that is the letter.  The witness tells us that he always makes that letter in that way.

The judgment must be affirmed.

*Judgment affirmed.*